1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

11 | ELEAZAR RAMIREZ,                                )   Case No.: 1:15-cv-01072-JLT
                                                     )
12 |                     Petitioner,                 )   ORDER GRANTING PETITIONER'S MOTION
                                                     )   TO STAY PROCEEDINGS (Doc. 3)
13 |          v.                                      )
                                                     )
14 | DAVE DAVEY,                                      )   ORDER FOR PETITIONER TO FILE REGULAR
                                                     )   STATUS REPORTS
15 |                     Respondent.                  )
                                                     )
16 |                                                  )
                                                     )
17

18          The petition in this case raises the following claims: (1) ineffective assistance of trial counsel in

19   failing to investigate Petitioner's mental health, mental illness, and competency, including appointment

20   of a medical doctor to evaluate Petitioner's mental condition; (2) ineffective assistance of counsel in

21   advising Petitioner to admit to prior convictions; (3) the trial court abused its discretion in finding

22   Petitioner competent to stand trial; (4) Petitioner was denied his right to an impartial jury; and (5) juror

23   misconduct. (Doc. 1, pp. 7-9).  The petition alleges that grounds four and five were exhausted in state

24   court. (Doc. 1, p. 2).  However, grounds one, two, and three were apparently not exhausted.

25          On July 13, 2015, Petitioner filed a motion to stay proceedings in this case while he exhausts

26   those unexhausted grounds claims in state court.  (Doc. 3).

27   **I.      DISCUSSION**

28          Traditionally, a district court has had the discretion to stay a petition which it may validly

1

1   consider on the merits.  Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir.

2   1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997).

3   Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass

4   and in order to avoid piecemeal litigation.  Id.  In addition, the Ninth Circuit has indicated that it is

5   proper for a district court, in its discretion, to hold a petition containing only exhausted claims in

6   abeyance in order to permit the petitioner to return to state court to exhaust his state remedies.  Kelly v.

7   Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002);

8   James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

9          Notwithstanding the foregoing, federal case law continued to require that the Court dismiss

10  "mixed" petitions containing both exhausted and unexhausted claims.  Rose v. Lundy, 455 U.S. 509

11  (1982).  However, in 2005, the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269,

12  (2005).   Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of

13  limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed'

14  petitions run the risk of forever losing their opportunity for any federal review of their unexhausted

15  claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under

16  appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with

17  their federal petitions.  Rhines, 544 U.S. at 275.  In so holding, the Supreme Court noted that, while the

18  procedure should be "available only in limited circumstances," it "likely would be an abuse of

19  discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good

20  cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no

21  indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines, 544 U.S. at

22  278.  When a petitioner has met these requirements, his interest in obtaining federal review of his

23  claims outweighs the competing interests in finality and speedy resolution of federal petitions.  Id.

24          In his motion for a stay, Petitioner cites both Kelly and Rhines as a basis for issuing a stay,

25  notwithstanding that these two procedures, as previously discussed, are quite dissimilar. Since the

26

27  _____

28          [1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

1   Rhines procedure is less cumbersome by not requiring dismissal of the unexhausted claims, the Court

2   will first analyze Petitioner's motion for stay for "good cause," which, if present, would obviate the

3   need to undertake a dismissal of the unexhausted claims, as required by Kelly.

4          Petitioner has timely filed a federal habeas petition containing two claims exhausted through

5   state habeas corpus proceedings.  He has also indicated his intention to initiate state court habeas

6   proceedings to exhaust the additional claims contained in the instant petition.  Thus, it appears to the

7   Court that Petitioner is attempting to proceed in a timely and expeditious manner, and there is no

8   indication that, in seeking this stay and abeyance, Petitioner intends to harass or delay the proceedings

9   nor does it appear that Petitioner is engaging in dilatory conduct.  Indeed, in the motion for stay,

10  Petitioner, through his inmate assistant, has submitted a declaration indicating that he suffers from

11  various serious mental conditions that have hindered Petitioner's ability to proceed expeditiously with

12  his claim for habeas relief. Thus, it appears that Petitioner meets the qualifications for a stay under

13  Rhines.  Although the Court is not prepared at this time to make an assessment of the merits of the two

14  exhausted claims in the instant petition, a preliminary review of that claim indicates that Petitioner has

15  alleged a constitutional violation.  Moreover, it appears that Petitioner is proceeding in good faith and

16  that no prejudice would inure to the parties by granting the requested stay.

17         Therefore, good cause having been presented and good cause appearing therefore, the Court will

18  grant Petitioner's motion for a stay of the proceedings and will hold the petition for writ of habeas

19  corpus in abeyance pending exhaustion of Petitioner's state remedies.

20         **However, the Court will not indefinitely hold the petition in abeyance**.  See Taylor, 134

21  F.3d at 988 n. 11.  **No later than 30 days after** the date of service of this Order Petitioner must inform

22  the Court of the status of the habeas proceedings in state court, including the dates his cases were filed,

23  the case numbers, and any outcomes.[2] Further, Petitioner must proceed diligently to pursue his state

24  court remedies, and **every 60 days after** the filing of the initial status report Petitioner must file a *new*

25  status report regarding the status of his state court habeas corpus proceedings.  Following final action

26  by the state courts, Petitioner will be allowed 30 days within which to file a motion for leave to amend

27  the instant petition to include the newly exhausted claims.  Failure to comply with these instructions

28

---

[2] The filing should be entitled "Status Report."

and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Kelly, 315 F.3d at 1071.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

    1.  Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 6), is GRANTED;

    2.  Proceedings on the instant petition are STAYED pending exhaustion of Petitioner's state remedies in Case No. S131392;

    3.  Petitioner is DIRECTED to file a status report **within 30 days** of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, and any outcomes;

    4.  Petitioner is DIRECTED to file a new status report **every 60 days** after the filing of the initial status report; and

    5.  Petitioner is GRANTED **30 days** following the final order of the state courts within which to file a motion for leave to amend the petition to include the newly exhausted claims.

IT IS SO ORDERED.

Dated:   **August 6, 2015**                         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE