1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11   ELEAZAR RAMIREZ,                  )   Case No.: 1:15-cv-01072-LJO-JLT
                                       )
12            Petitioner,              )   FINDINGS AND RECOMMENDATIONS TO
                                       )   GRANT RESPONDENT'S MOTION TO
13   v.                                )   DISMISSIN PART (Doc. 18)
                                       )
14   DAVE DAVEY,                       )
                                       )   ORDER DIRECTING OBJECTIONS TO BE FILED
15            Respondent.              )   WITHIN TWENTY-ONE DAYS
                                       )
16

17         The respondent moves the Court to dismiss the petition as unexhausted.  The Court agrees that

18   seven claims are unexhausted but disagrees that the sixth claim is unexhausted.  Thus, the Court

19   recommends the Court dismiss all but the sixth claim as unexhausted.

20                           **PROCEDURAL HISTORY**

21         The instant petition was filed on July 13, 2015.  (Doc. 1).  Concurrent with the petition,

22   Petitioner filed a motion to stay proceedings in order to exhaust issues in state court.  (Doc. 3).  On

23   August 6, 2015, the Court granted the stay and ordered Petitioner to file regular status reports

24   regarding exhaustion.  (Doc. 10).  After filing a single status report on August 15, 2015, Petitioner

25   filed no further status reports.  Accordingly, the Court, on February 3, 2016, issued an order to show

26

27

28

                                          1

1   cause why the stay should not be lifted.  (Doc. 12).[1]  That order gave Petitioner thirty days within

2   which to respond.  On April 19, 2016, Petitioner having never filed a response to the order to show

3   cause, the Court lifted the stay and ordered a response.  (Doc. 13).  On June 17, 2016, Respondent

4   filed the instant motion to dismiss, arguing that the petition did not contain any exhausted claims.

5   (Doc. 18).  Petitioner did not file an opposition to the motion to dismiss.

6   **I.      DISCUSSION**

7          A. Procedural Grounds for Motion to Dismiss

8          As mentioned, Respondent has filed a Motion to Dismiss the petition because it contains

9   unexhausted claims.  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

10  dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that

11  the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section

12  2254 Cases.

13         The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if

14  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's

15  procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to

16  evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d

17  599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state

18  procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus,

19  a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use

20  Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

21         In this case, Respondent's Motion to Dismiss is based on Respondent's contention that

22  Petitioner has never presented his claims to the California Supreme Court.  Accordingly, the Court

23  will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.  O'Bremski, 915

24  F.2d at 420.

25  ///

26

27  [1] From the documents lodged by Respondent with the motion to dismiss, it appears that Petitioner did attempt to exhaust his claims in the California Supreme Court by way of a habeas corpus petition that was denied by the state supreme court on November 10, 2015.  (Lodged Document ("LD") 7).  However, Petitioner never informed the Court of that fact, resulting in the issuance of the Order to Show Cause.

28

B.   Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts,*

3

1

2

3

4

5

*even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

6

7

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), as amended by Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

8

9

10

11

12

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

13

14

15

16

17

18

Here, the instant petition contains eight claims for relief. (Doc. 1, pp. 7-10). Respondent has lodged documents with the Court establishing that Petitioner exhausted one of those claims, i.e., claim six relating to juror misconduct, in his petition for review on direct appeal. However, the remaining seven claims were contained, along with claim six, in a state habeas petition that the California Supreme Court denied with a citation to People v. Duvall, 9 Cal.4th 464, 474 (1995), and In re Swain, 34 Cal.2d 300, 304 (1949). (LD 6; 7).

19

20

21

22

23

Under California law, a citation to People v. Duvall, 9 Cal.4th 464, 474 (1995), indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal.4th at 474.

24

25

26

27

28

Like Duvall, a citation to Swain stands for the proposition that a petitioner has failed to state his claim with sufficient particularity. In Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986), the Ninth Circuit found that the Swain citation indicated that the claims were unexhausted because their pleadings defects, i.e., lack of particularity could be cured in a renewed petition. Kim, 799 F.2d at 1319.

4

1   However, in <u>Kim</u>, the Ninth Circuit also stated that it was "incumbent" on the district court, in

2   determining whether the federal standard of "fair presentation" of a claim to the state courts had been

3   met, to independently examine Kim's petition to the California Supreme Court.  <u>Id</u>. at 1320.  "The

4   mere recitation of <u>In re Swain</u> does not preclude such review."  <u>Id</u>.  Indeed, the Ninth Circuit has held

5   that where a prisoner proceeding pro se is unable to meet the state rule that his claims be pleaded with

6   particularity, he may be excused from complying with it.  <u>Harmon v. Ryan</u>, 959 F.2d 1457, 1462 (9th

7   Cir. 1992)(citing <u>Kim</u>, 799 F.2d at 1321).  "Fair presentation" requires only that the claims be pleaded

8   with as much particularity as is practicable.  <u>Kim</u>, 799 F.2d at 1320.

9   After reviewing Petitioner's state habeas petition presented to the California Supreme Court

10   and rejected by that court for lack of particularity and failure to include pertinent documents, the Court

11   agrees with Respondent that the state court correctly rejected the petition on procedural grounds.

12   Petitioner's allegations in the state petition are conclusory and lack specificity; he fails to include

13   specific details tailored to the individual claims; he did not include any affidavits or declarations

14   relating to his claims of mental health, counsel's purported ineffectiveness, or the conduct of the jury

15   members, nor did Petitioner include pertinent portions of the trial transcript that would have been vital

16   to a full and fair review of Petitioner's claims by the California Supreme Court.  Since the state court's

17   dismissal was not with prejudice, but with implicit permission to file a subsequent habeas petition

18   containing sufficient particularity and specificity to allow for a full habeas review, under applicable

19   AEDPA case law, the claims are not exhausted.  <u>Kim</u>, 799 F.2d at 1318; <u>Harris v. Superior Court</u>, 500

20   F.2d 1124, 1128 (9th Cir. 1974).

21   The only remaining issue is whether claim six in the instant petition, i.e., the juror misconduct

22   issue, which was exhausted on direct appeal but included in the state petition, no doubt due to an

23   excess of caution by Petitioner, that was dismissed with citations to <u>Duvall</u> and <u>Swain</u>, is fully

24   exhausted.  Respondent appears to argue that it is not because it was included among the claims

25   rejected by the California Supreme Court with citations to <u>Swain</u> and Duvall  The Court disagrees with

26   Respondent on this point.

27   The Court's view is that the AEDPA only requires "fair presentation" of a claim to the state's

28   highest court.  It is beyond dispute that Petitioner's inclusion of the juror misconduct claim in the

1   petition for review satisfied the "fair presentation" requirement for exhaustion purposes. Respondent

2   does not cite, and the Court is unaware of, any Ninth Circuit or U.S. Supreme Court authority holding

3   that a previously exhausted claim is somehow rendered "unexhausted" by its subsequent inclusion in a

4   state habeas petition that is dismissed on procedural grounds. A claim has either been "fairly

5   presented" or not. Here, it appears undisputed that it was "fairly presented." Accordingly, it is

6   exhausted for purposes of the AEDPA.

7        From the foregoing, the Court concludes that Petitioner has not presented seven of his eight

8   claims to the California Supreme Court as required by the exhaustion doctrine. Because Petitioner has

9   not presented all of his claims for federal relief to the California Supreme Court, the Court must

10  dismiss the petition the unexhausted claims or else dismiss the entire petition as a mixed petition. See

11  Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v.

12  Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). Therefore, the Court will recommend that

13  Respondent's motion to dismiss should be granted as to the seven unexhausted claims. If this

14  Findings and Recommendation is adopted by the District Judge, then Petitioner will be permitted to

15  proceed on the single exhausted claim.

16  **RECOMMENDATION**

17       Accordingly, the Court RECOMMENDS that the motion to dismiss (Doc. 18), be GRANTED

18  and the first through fifth, seventh and eighth the claims be DISMISSED for lack of exhaustion.

19       This Findings and Recommendation is submitted to the United States District Court Judge

20  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

21  Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days**

22  after being served with a copy of this Findings and Recommendation, any party may file written

23  objections with the Court and serve a copy on all parties. Such a document should be captioned

24  "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be

25  served and filed within 10 days (plus three days if served by mail) after service of the Objections. The

26  Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

27  ///

28  ///

1      The parties are advised that failure to file objections within the specified time may waive the

2   right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3

4   IT IS SO ORDERED.

5      Dated:   **July 25, 2016**                              **/s/ Jennifer L. Thurston**

6                                                       UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28